JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Tywon Dubois appeals his sentence from the Cuyahoga County Court of Common Pleas. Having reviewed the record and pertinent law, we vacate the sentence imposed on count six and remand the matter for resentencing. See State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856; State v. Saxon,
___ Ohio St.3d ___, 2006-Ohio-1245.
 {¶ 2} On April 30, 2004, Dubois was charged in a seventeen-count indictment with multiple counts of aggravated murder, attempted aggravated murder, aggravated burglary, and kidnapping. All counts contained one- and three-year gun specifications. The aggravated murder counts also contained felony murder and mass murder specifications.
 {¶ 3} Pursuant to a plea agreement, Dubois pled guilty to counts two, four, and six of the indictment as amended. This resulted in a plea of guilty to two counts of murder and one count of attempted aggravated murder, each containing a three-year firearm specification. The remaining counts were dismissed by the trial court. The trial court also instructed that Dubois was to testify truthfully and cooperate in the prosecution of his co-defendants.
 {¶ 4} The trial court sentenced Dubois on counts two and four, the murder counts, to a mandatory term of life in prison with no parole for at least fifteen years. The court sentenced Dubois to the maximum ten-year prison term on count six, the attempted aggravated murder charge. These terms were all ordered to run concurrent with each other. The court also imposed a three-year prison term on the firearm specifications, which were merged into a single three-year term and ordered to be served prior to and consecutive with the sentences on counts two, four, and six.
 {¶ 5} Dubois has appealed his sentence, raising one assignment of error for our review that provides:
 {¶ 6} "Assignment of Error #1: The trial court erred when it sentenced the defendant who previously had not served a prison term to the maximum prison term on count six of a multi-count indictment where the defendant had [pled] guilty to murder with three year firearm specifications on both of counts two and four, and guilty to count six, attempted aggravated murder with a three year firearm specification, a felony of the first degree, all of which arose from a single incident."
 {¶ 7} Dubois argues that the trial court erred when it imposed a maximum prison term of ten years on count six for the crime of attempted aggravated murder. This term was ordered to run concurrent with the mandatory prison terms imposed on the murder counts. Dubois challenges the trial court's authority to make findings of fact beyond the jury's verdict or the admission to facts at the time of the defendant's plea. In light of the recent decision of the Supreme Court of Ohio in State v.Foster, supra, we vacate the sentence imposed on count six and remand the case for a new sentencing hearing.
 {¶ 8} The Foster court, following Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, held that the statutory sections that required judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or by admission of the defendant are unconstitutional. The Foster court concluded that a trial court has full discretion to impose a prison term within the statutory range and is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id.
 {¶ 9} "Under R.C. 2929.19 as it stands without (B)(2) [which was ruled unconstitutional and severed], the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id., citing United Statesv. DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426,66 L.Ed.2d 328.
 {¶ 10} Furthermore, we note that no challenge has been brought as to the mandatory terms imposed on counts two and four, the murder counts. Dubois' sole challenge is to the sentence imposed on count six for attempted aggravated murder. Pursuant to the Ohio Supreme Court's decision in State v. Saxon, supra, we vacate only the sentence imposed upon Dubois for count six.[1]
 {¶ 11} Dubois' sole assignment of error is sustained.
 {¶ 12} This matter is affirmed as to Dubois' guilty plea; sentence vacated on count six and case remanded for resentencing on this count.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Mary Eileen Kilbane, J., concur.
[1] In State v. Saxon, supra, the Ohio Supreme Court held as follows: "An appellate court may only modify or vacate a sentence that is appealed by the defendant and may not modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense."